Smith, C. J.
The question submitted for our consideration arises on a demurrer to the answer filed by the defendant.
The petition alleges substantially, that during the trial in the court of common pleas of this county, of the case of Stickels v. Hall, at the January term, 1888, of said court, presided over by Judge O’Neal, the relator, who was the plaintiff in said action, took numerous exceptions to the rulings of said judge. But in order that the trial might progress as rapidly as possible, he consented that such exceptions might subsequently be reduced to writing, and allowed and signed by the judge and ordered to be made part of'the record of the case.
It further alleges that within three days after the return of a verdict against him, he filed a motion for a new trial, which was overruled by the court on the afternoon of the last day of the said January term, to-wit: March 26, 1888, to which decision the plaintiff at the time excepted, and in order that the business of the court might progress, (it being then engaged in the trial of another cause) the relator consented in the manner aforesaid, that the said exception might be reduced to writin g-subsequently; and that the court adjourned on that ■day sine die, before the bill of exceptions could be prepared and signed.
That on the 23rd of April, 1888, a true bill of exceptions ■(filed with the petition in this- case), was presented ’to the *395 judge for allowance, but while admitting that it was true and correct, he refused to sign it — and the relator prays for a writ of mandamus requiring him tc do so.
The answer of Judge O’Neal to the alternative writ which was issued, admits many of the allegations.of the petition, but denies that when the exceptions were taken by relator, or at any time thereafter during the term, did he (the relator) consent that said exceptions, or any of them, might be reduced to writing, allowed and signed, after the final adjournment and close of said term of court. He alleges that on the exception being taken to the overruling of the motion for a new trial, he caused the journal entry thereof to contain a statement that plaintiff excepted thereto, and that this was the only exception taken to such decision.
He further alleges that the plaintiff, during the continuance of said term of court, never consented that any bill of exceptions should be presented to him as judge, after the final adjournment and close of the said term. Nor did the relator, or his counsel, during said term, intimate to, or advise the court or the judge thereof, that any bill of exceptions would be taken in the cause, or that he would at any time present one to be signed and allowed. And that said plaintiff did not during said term, move or request the court tó keep the journal of said term open, so that the filing of a bill of exceptions might be noted thereon, and no such order was, in fact, made. That when the bill in question was presented to him for allowance, on April 23, 1888, he refused to sign the same for the foregoing reasons, and because he believed that under the circumstances he had no authority to do so.
To this answer the relator demurred, and the question thus raised is this: Whether, when exceptions are taken to the rulings of a court during the trial of a case, or to the overruling of a motion for a new trial, and a bill of exceptions by the consent of the person taking the exception, is not at once presented and signed before the case proceeds, or before the final adjournment of that term of the court, it is essential to the right of the party excepting to have a bill signed within thirty days from the close of the term, that he should have applied to the court during the'term, to have the journal kept open *396 for that purpose, or that an order to that effect be actually placed on the journal.
It was suggested to us in the argument on this question,, that the practice in regard to this is different in different parts of the state, and that the circuit court in two of the circuits-have held differently on it. We have no knowledge in regard to this, not having seen any report of a case in which the question has been passed upon. We are aware, however, that there has been a difference of opinion among the members of' the bar on the point, and whether the journal entry referred to was necessary, or whether the effect of the statute itself was not to keep the journal of the court open for the purpose of noting the filing of bills of exceptions, for thirty days after the final adjournment and without any order of the court. Unquestionably the better and safer practice is to have the entry made, and so to avoid all controversy about it; but in view of the provisions of the statute, particularly since the passage of the act of March 11, 1887, amending sections 5298 and 5301, Rev. Stats. (84 O. L. 69), and the decision of the supreme court in the case of The State ex. rel. Hawes v. Otenberger, 43 Ohio St. 16, we are of the opinion that it is not essential that such journal entry be made or applied for.
It is the claim of the counsel for defendant that' the fair interpretation of sec. 5002, requires that this shall be done, and if it is not, that the trial judge has no right to sign a bill of' exceptions after the term, or to have an entry kof its allowance to be made on the journal of the court for the term which has closed. That the language of the section, that “ if' it is to be signed after the term, the journal must be kept open,” fairly implies that notice must be given to the court that the bill of exceptions is to be presented after the adjournment, and then that the action of the court itself is necessary to keep its journal open.
Looking alone to the provisions of this section, it does not seem to us that this conclusion follows. It provides expressly that where exceptions are taken during the trial, the bill of exceptions must be signed before the case proceeds, “ or if the party ” (excepting) “ consent, within thirty days after the-term.” Here the option is given to the party excepting, to- *397 have it reduced to writing and signed at once, or to have the case proceed, and have it signed within thirty days after the close of the term; and if he does consent to have the ■case proceed, he has done all that the law requires and demands of him, and he is then entitled to present his bill of exceptions to the court at any time during the same term, or within thirty days thereafter, and is not bound formally to state to the court that he will present his bill after the term, ■or move that the journal be kept open ; but when such exception has been taken and consent given, the journal is by. force of the statute kept open, so that the clerk may during the thirty days after the close of the term, note upon it the filing of the bill as allowed and signed by the court.
This construction of the statute in question, we think, is not only fairly warranted, but is required of us, in view, of the decision of the supreme court in the Hawes case, before referred to. The first paragraph of the syllabus is as follows: “ If, during the progress of a trial, or on the overruling of a motion for a new trial, the party excepting to the rulings of the court consent that the case proceed without his bill of exceptions being first signed, he is entitled to the same|right to have his bill allowed and signed within thirty days after the term, as he would have had during the progress’of the trial, if such consent had not been given.” And there is no suggestion in the decision, that it is incumbent on the party excepting to move the court to keep the minutes open, if this bill is not signed before the close of the term, or that he is bound to do anything more than to consent that thefcase proceed, without having his bill of exceptions first signed. When this consent is once given, the statute itself fixes the rights of the party excepting, to have it signed during the term, “or within thirty days after the term,” and if not signed during the term, “ the journal must be kept open and thejaliowance and signing thereof entered as of the term,” if duly signed within such thirty days.
The decision in the Hawes case was made under the statutes as they stood prior to the.amendment of March 11, .1887, 84 O. L., 69, which amended sections, 5298 and 5301, in the particulars hereinafter stated, but which did not affect section *398 6302, on which the decision was principally based. By this act, section 5298 was amended so as to allow the party time to reduce his exception to writing, not more than thirty days after the term, instead of limiting it to the term. And section 5301, as amended, requires the party excepting to reduce his exception to writing, and present it to the court for allowance within thirty days from the end of the term, the original section not having expressly provided when this should be done. It seems, therefore, to us, that it was the intention of the legislature, by these amendments, to make even more plain the right of the party desiring a bill'of exceptions (where he has excepted to a ruling, but consented to have the case proceed without having his bill then signed) to present it for allowance within thirty days after the close of the term at which the decision complained of was made; and when signed, to have an entry of its allowance and filing upon the journal as of that term.
W. F. Eltzroth and J. E. Benham, for the relator.
John E. Smith and W. O. Thompson, for the defendant.
And for the purpose of this argument, it being admitted by the demurrer that all of these steps were taken in this case, and that the bill filed in the petition is a true and correct one, we think, on the admitted facts, that the trial judge was required by the law to sign it, and that the entry should be property made upon the journal.